# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-906
Filed: May 17, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| CATHERINE M. RABY, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Decision on Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Nancy Meyers, Esq.*, Turning Point Litigation, Greensboro, N.C., for petitioner.
*Christine Becer, Esq*., U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On June 25, 2018, Catherine M. Raby ("Ms. Raby," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed Guillain-Barre syndrome as a result of receiving a Prevnar 13 (pneumococcal conjugate) vaccination on June 2, 2016. Petition ("Pet."), ECF No. 1. On October 1, 2021, the undersigned issued a Decision awarding compensation to petitioner based on the parties' stipulations. Decision, ECF No. 39.

On January 27, 2022, petitioner filed a Motion for Attorneys' Fees and Costs. Motion for Fees, ECF No. 45. Petitioner requests attorneys' fees and costs as follows: $9,000.95 to Turning Point Litigation ($8,973.50 for fees and $27.45 in costs), $25,635.25 to Ward Black Law ($10,311.00 for fees and $15,324.25 in costs), and $5,500 to Norman Latov, M.D. (expert fees)

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

for a total amount of $40,136.20. *Id.* at 1-2. In accordance with General Order No. 9, petitioner's counsel represents that petitioner has not incurred any out-of-pocket expenses. *Id.* at Attachment 4.

On February 10, 2022, respondent filed a response to petitioner's Motion for Fees. Response, ECF No. 46. Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

### I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, he or she is entitled to an award of reasonable attorneys' fees and costs. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### II. Discussion

**A.      Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human*

2

*Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued Fee Schedules for the applicable years in this instant case.[3]

Petitioner requests the following hourly rates for her attorney, Ms. Nancy Meyers: $375 per hour for work performed in 2018; $390.00 per hour for work performed in 2019, and $400.00 per hour for work performed in 2020. The rates requested for Ms. Meyers are consistent with what she has previously been awarded for her Vaccine Program work. *See, e.g.*, *Redfern v. Sec'y of Health & Human Servs.*, No. 18-0026V, 2021 WL 5027379 (Fed. Cl. Sepc. Mstr. Oct. 14, 2021); *Barreiro v. Sec'y of Health & Human Servs.*, No. 18-1238V, 2021 WL 3053026, at *2 (Fed. Cl. Spec. Mstr. Jun. 15, 2021); *Cooper v. Sec'y of Health & Human Servs.*, No. 17-408V, 2021 WL 1120982 (Fed. Cl. Spec. Mstr. Feb. 26, 2021); *Millender v. Sec'y of Health & Human Servs.*, No. 17-274V, 2018 WL 4579894, at *4 (Fed. Cl. Spec. Mstr. Aug. 22, 2018). Therefore, I find the requested rates to be reasonable.

**B.     Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special

---

[3] The fee schedules are posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule 2018, Attorneys' Forum Hourly Rate Fee Schedule 2019, Attorneys' Forum Hourly Rate Fee Schedule 2020,* http://www.uscfc.uscourts.gov/node/2914 (last visited May 17, 2022).

Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that the billing entries adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. Accordingly, petitioner is entitled to final attorneys' fees of $19,284.50.

**C.     Reasonable Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $ 20,879.70 ($27.45 to Turning Point Litigation; $15,324.25 to Ward Black; and $5,500.00 to Norman Latov, M.D.) in costs for acquisition of medical records, the Court's filing fee, postage, and expert fees and costs.

More specifically, petitioner requests $5,500.00 for work performed by Dr. Norman Latov, which was a total of 11 hours, billed at an hourly rate of $500.00. *See* Motion for Fees, Attachment 1 at 10. Special masters have previously found it reasonable to compensate Dr. Latov at this rate. *See, e.g.*, *Sarver v. Sec'y of Health & Hum. Servs.*, No. 15-1207V, 2019 WL 3856864, at *3 (Fed. Cl. Spec. Mstr. July 22, 2019); Stepp v. Sec'y of Health & Hum. Servs., No. 14-851V, 2018 WL 793426, at *2 (Fed. Cl. Spec. Mstr. Jan. 2, 2018). Dr. Latov's rate and time spent working on this instant case are reasonable and compensable in full.[4]

I have reviewed all of the requested costs and find these costs reasonable and supported with adequate documentation. Accordingly, petitioner is entitled to the full amount of costs sought of $20,879.70.

**III. Total Award Summary**

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. The undersigned **awards a total of $40,136.20**,[5] consisting of $9,000.95 in attorneys' fees and costs allocated to Turning Point Litigation; $25,635.25 in attorneys' fees and costs allocated to Ward Black Law, and $5,500.00 in expert fees allocated to Dr. Norman Latov.

---

[4] Dr. Latov provided additional work in this matter: $13,000.00 of the $15,324.25 costs incurred at Ward Black are also for fees for Dr. Latov. His time was billed at the same rate of $500.00/hour. Overall, I find Dr. Latov's fees reasonable and compensable in full.

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

A lump sum payment for **$40,136.20** shall be made in the form of a check jointly payable to Petitioner and Turning Point Litigation.[6] The Clerk of the Court is directed to enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[6] Petitioner requests the total amount of attorney fees and costs be made payable to Turning Point Litigation, which will disburse the incurred amount to Ward Black Law and Dr. Norman Latov. ECF No. 45 at 2.

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.